[Civ. No. 226.   Fifth Dist.   Feb. 27, 1963.]

WILDA CUNEO et al., Petitioners, v. THE SUPERIOR COURT OF MERCED COUNTY, Respondent; CHARLES C. HEIN et al., Real Parties in Interest.

Griswold & Barrett and George C. Barrett for Petitioners.

No appearance for Respondent.

Harold D. Sandell and Floyd S. Hill for Real Parties in Interest.

BROWN (R.M.), J.—This is a petition for a writ of prohibition directed to the Superior Court of the State of California for the County of Merced restraining and prohibiting Judge Gregory P. Maushart from hearing any matter and making any order in the aforesaid action and from enforcing any temporary restraining order and preliminary injunction issued in said action and for all other proper relief.

Petitioners are trustees under the last will and testament of George Cuneo, deceased, and as surviving partners of Cuneo Bros., a copartnership, are beneficiaries under two deeds of trust executed by the Heins, the real parties in interest, as security for the payment of two promissory notes, one for $25,000 and the other for $9,675.

On May 11, 1962, the Merced County Title Company, the trustee named in the deeds of trust, filed a notice of default, and on August 10, 1962, the Heins filed an action for declaratory relief claiming there was a controversy between the parties, denying that they were in default, claiming that the obligation had not been breached, praying that the court determine the amount paid and the balance due, if any, and that the title company be enjoined from giving any notice of sale.

454

Thereafter, on August 15, 1962, the petitioners filed a notice of motion to bring in new parties (themselves) into this action against the title company, citing under their points and authorities, Code of Civil Procedure section 389. On the same date the petitioners, by Wilda Cuneo, filed a motion to disqualify Judge Maushart under section 170.6 of the Code of Civil Procedure on the ground that he was prejudiced, together with her affidavit in support of said motion.

On August 23, 1962, Judge Sischo made an order granting petitioners' motion to bring new parties defendant into the action; the petitioners immediately filed an answer praying for dismissal of the proceedings.

On August 27, 1962, the Heins filed a declaration in support of a temporary restraining order and on that date Judge Maushart issued an order to show cause and temporary restraining order restraining the title company from giving any notice of sale or taking any steps provided for in the deeds of trust; and on September 7, 1962, Judge Maushart made an order as the result of a hearing on September 4th, granting the Heins a temporary injunction enjoining the title company from giving any notice of sale and taking any steps as far as the real property was concerned ''until such time as it is determined whether or not the trustors of those certain deeds of trust . . . are in default.''

Petitioners were not named in the order to show cause and temporary restraining order nor in the temporary injunction granted on September 7th, nor were they served with any papers.

Meanwhile, on September 5, 1962, the Heins, under section 453 of the Code of Civil Procedure, made a notice of motion to strike the answer filed by the petitioners, stating that the answer was irrelevant and that the petitioners are not indispensable parties, which motion was denied on October 24, 1962.

The question before us is whether or not the motion to disqualify under Code of Civil Procedure section 170.6 was premature in that at the time of the filing of the motion to disqualify, the petitioners were not parties under subdivision 2 of section 170.6 of the Code of Civil Procedure.

The Heins maintain that this is a matter in intervention under Code of Civil Procedure section 387, and are correct in stating that granting such a petition under that section is discretionary with the court.

Code of Civil Procedure section 389, however, is man-

datory in that when the other provisions are met the court must order the indispensable parties brought into the action. ▮ However, the petitioners were brought into this action and the order made thereon is not subject to review by this court on the petition for a writ of prohibition. It is the main contention of the Heins that this motion and affidavit for disqualification were premature because section 170.6 refers only to "parties."

It is true that "parties" vary under the circumstances, and while in *Howell* v. *Budd*, 91 Cal. 342 [27 P. 747], the court did hold that the word "party" as used in Code of Civil Procedure section 170 is not necessarily confined to parties of record by name and does include all persons represented by parties to the record, our case is distinguished by the fact that the petitioners are petitioning as indispensable parties, while in the *Howell* case the party involved there for the purpose of disqualification was the relative of the judge to be disqualified, was interested in the estate involved, and is to be considered as a "party" for the purpose of disqualifying the judge.

In *Straube* v. *Security First Nat. Bank*, 205 Cal.App.2d 352, 360-361 [23 Cal.Rptr. 213], this court said: "We hold that in an action brought by trustors against the trustee of a deed of trust to declare the trust deed void for want of consideration, the beneficiaries are indispensable parties, and a judgment taken against the trustee alone is void and of no effect. . . .

"But when the parties to a trust indenture are placed in a position of losing their basic rights in the trust through the bringing of a suit by one of the other parties to the trust agreement, the beneficiaries must be joined as indispensable parties. The rights of the beneficiaries here were vitally affected by the first action instituted by . . . , and under our law they had to be joined as indispensable parties in the action."

In *Hutchins* v. *Security Trust etc. Bank*, 208 Cal. 463, 467 [281 P. 1026, 65 A.L.R. 1059], the court said: "It is manifest that in a controversy by one settler with the other settler and/or beneficiaries, the trustee is in no sense the representative of either faction. A trustee is given by statute the right to sue in execution of the powers conferred without joining beneficiaries as plaintiffs, but this applies only as against strangers to the instrument and has no application to suits by

or against makers and beneficiaries thereunder involving the validity of the trust instrument."

The only case that we have been able to find on premature filing of such notice of disqualification is *State* ex rel. *Lebeck* v. *Chavez*, 45 N.M. 161 [113 P.2d 179]. This was a matter in intervention and the majority opinion held that in an intervention the action of the court is discretionary and thus in this type of action, because the petitioners do not know whether their petition will be granted, such filing is premature. ■■■ However, a concurring decision in result (but dissenting as to this particular principle) stated that such a motion, even in intervention, was a proceeding and that a litigant who believes the judge prejudiced should be able to avail himself of the statute for the purpose of a hearing on his right to intervene and should have the right to disqualify a judge even though he may have other remedies available; that a person using intervention should not be expected to waive his right to remove a judge thus disqualified in fact from hearing his petition in intervention.

We subscribe to this latter view.

Under section 389 of the Code of Civil Procedure, an indispensable party has a right which must be granted by the court on presentation of the facts, and this implies that it is a proceeding and the petitioners render themselves subject to the jurisdiction of the court on the filing of the motion under section 389 of the Code of Civil Procedure in the pending action.

The rights of the litigant to avail himself of the purposes set forth in section 170.6 of the Code of Civil Procedure are well outlined in *Johnson* v. *Superior Court*, 50 Cal.2d 693, 697 [329 P.2d 5], where the court said, "It is important, of course, not only that the integrity and fairness of the judiciary be maintained, but also that the business of the courts be conducted in such a manner as will avoid suspicion of unfairness."

■■■ In *Eagle Maintenance & Supply Co.* v. *Superior Court*, 196 Cal.App.2d 692 [16 Cal.Rptr. 745], at page 695, the court said, "We believe the section should be liberally construed with a view to effect its objects and to promote justice."

■■■ Therefore, we feel that the filing of the motion for disqualification was within a proceeding pending before the court, that petitioners were parties within section 170.6 of the Code of Civil Procedure, and that Judge Maushart was without authority or jurisdiction to issue the order to show cause,

the temporary restraining order and the temporary injunction.

Let a peremptory writ of prohibition issue restraining the Honorable Gregory P. Maushart, Judge of the Superior Court in and for the County of Merced, from taking any further proceedings in the action entitled *Hein* v. *Merced County Title Company,* a corporation, being action No. 31016 in said superior court, except to vacate the temporary restraining order and preliminary injunction issued therein.

Conley, P. J., and Stone, J., concurred.