[L.A. No. 30610. Aug. 10. 1976.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF VENTURA COUNTY, Respondent;
STEPHEN F. GOOD, Real Party in Interest.

## Counsel

C. Stanley Trom, District Attorney, and O. Guy Frick, Deputy District Attorney, for Petitioner.

Evelle J. Younger, Attorney General, E. Clement Shute, Jr., Assistant Attorney General, Herschel T. Elkins and Michael R. Botwin, Deputy Attorneys General, as Amici Curiae on behalf of Petitioner.

No appearance for Respondent.

Heily, Blase, Ellison & Wellcome, Edward L. Lascher and Wendy Cole Wilner for Real Party in Interest.

## Opinion

**CLARK, J.**—The Ventura County Grand Jury indicted a number of persons and corporations on criminal charges arising from an alleged investment fraud involving the sale of oil drilling contracts. The district attorney filed a civil complaint on the same day.

Two days later, real party in interest, Stephen F. Good and a purported class comprised of defrauded investors, commenced a separate action against the same defendants and were permitted to intervene in the People's action. The People's motion to strike the complaint in intervention was denied, and its demurrer overruled. Contending intervention is improper, the People petition for writ of mandate to compel respondent court to strike the Good complaint.

The People's complaint contains two causes of action, false and misleading advertising (Bus. & Prof. Code, §§ 17535, 17536) and unfair competition (Civ. Code, §§ 3369, 3370).

The allegations of the first are summarized as follows: Offering interests in oil exploration ventures, the defendants, numerous salesmen, corporations, and promoters, made false representations as to the income tax benefits, the effect of promissory notes, their oil exploration experience, their proposed drilling activities and the anticipated income. The representations, made to nearly 200 identified individuals and 100 Does, tend to deceive or mislead substantial numbers of the public and

unless enjoined, defendants will continue to disseminate false and misleading statements.

The second cause of action alleges that defendants are engaging in acts of unfair competition by making the false and misleading statements alleged in the first cause of action; by offering and selling securities without permit; by willfully, and in violation of federal statute, aiding and advising in the preparation of false income tax returns; by preparing false documents to aid investors in securing federal income tax deductions; and by extending credit without full disclosure in violation of federal truth in lending regulations. It is further alleged that the acts of unfair competition were committed in transactions with all persons identified in the first cause of action and the Does, that defendants obtained funds from the identified persons and the Does by the use of unfair or fraudulent business transactions; and that defendants are involuntary and constructive trustees of the funds.

The People pray for injunction against the representations and business practices, for penalties of $5 million, for restitution to each investor, and for costs.

The Good complaint in intervention, prays for restitution with interest, punitive damage, attorney fees and costs. The causes of action include fraud, breach of investment contract, and violation of corporate securities law. The complaint further alleges upon information and belief that the district attorney has proposed settlement with the defendants by which $300,000 shall be paid to the county treasury and $25,000 divided among seven investors, rendering the defendants incapable of responding in damages or of making restitution to other investors. The court issued an ex parte order permitting intervention.

Twelve days later, stipulated judgment was entered based on an earlier agreement between the district attorney and defendants.[1] It provides for payment of $200,000 to the county within the current year, $100,000 to the county in installments over ten years, $60,000 to the Franchise Tax Board to satisfy tax liens, and $25,000 to seven named investors as restitution. It further provides that the rights of plaintiffs in intervention shall not be affected in pursuing any remedy sought in the Good complaint.

---

[1] Concurrently with the settlement, a plea bargain was entered between the district attorney and individual defendants for nolo contendere pleas and probation.

An order pursuant to stipulation between the People and Good provides that any funds received by the district attorney will be deposited in court and distributed following notice and hearing.

We proceed to determine whether intervention is proper. Code of Civil Procedure section 387 provides: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint . . . or by demanding anything adversely to both the plaintiff and defendant, . . ."

The statute protects the interests of others affected by the judgment, obviating delay and multiplicity. (*County of San Bernardino* v. *Harsh California Corp.* (1959) 52 Cal.2d 341, 346 [340 P.2d 617]; *Belt Casualty Co.* v. *Furman* (1933) 218 Cal. 359, 362 [23 P.2d 293]; 3 Witkin, Cal. Procedure (2d ed. 1971) p. 1865.) Counterbalancing this purpose is the interest of the original parties in pursuing their litigation unburdened by others. (3 Witkin, Cal. Procedure, *supra*, pp. 1869-1870.)

The intervener's interest must be direct rather than consequential, and determinable in the action. (*Allen* v. *California Water & Tel. Co.* (1947) 31 Cal.2d 104, 109 [187 P.2d 393]; *Continental Vinyl Products Corp.* v. *Mead Corp.* (1972) 27 Cal.App.3d 543, 549 [103 Cal.Rptr. 806].) Measured by the People's complaint, the test is met here. Both complaints seek restitution to the investors based on the same underlying facts. The People do not limit themselves to civil penalties pursuant to statute. Therefore, they may not now properly contend—as they do—that Good's complaint for restitution involves proof of facts unnecessary to obtain the relief prayed for originally. They are still required to prove that restitution is appropriate even though civil penalties may also be appropriate in the absence of such proof (cf. *People* v. *Lent* (1975) 15 Cal.3d 481, 485 et seq. [124 Cal.Rptr. 905, 541 P.2d 545]).

The People next contend the interveners are mere general creditors and therefore involved only indirectly in the People's action. However, Good stands to gain directly from the judgment should the People obtain all relief sought.

The People next urge intervention will unduly extend the proceedings by adding class issues (if not a jury). ■ True, a trial court possesses discretion to deny intervention even when a direct interest is shown if the interests of the original litigants outweigh the interveners' concerns of potential delay and multiplicity of actions. (*Continental Vinyl Products Corp.* v. *Mead Corp., supra,* 27 Cal.App.3d 543, 552; *Cuneo* v. *Superior Court* (1963) 213 Cal.App.2d 452, 454 [28 Cal.Rptr. 791]; *In re Yokohama Specie Bank* (1948) 86 Cal.App.2d 545, 554 [195 P.2d 555]; 3 Witkin, Cal. Procedure, *supra,* pp. 1870-1871.) ■ However, in the case before us, the trial judge exercised his discretion favoring intervention.

We find no abuse. Again, the interveners have a direct interest. Further, there is risk their contributions to the venture will be used primarily to pay statutory penalties, with the result that the People's action, ostensibly brought to "protect consumers," will deprive these very people of the fruit of their venture. (Despite its illicit beginning, the venture might have succeeded.) (Cf. *Sanders* v. *Pacific Gas & Elec. Co.* (1975) 53 Cal.App.3d 661, 669 [126 Cal.Rptr. 415].)

The fact that negotiations toward settlement between the original litigants are nearing completion does not change the result. The direct interests of intervening parties may be harmed or even defeated as surely by judgment following compromise as by judgment following trial.

Amici curiae assert that public policy reflected by consumer protection legislation requires that law enforcement agencies be free to exercise their discretion in determining when the best interests of the People can be served by settling such litigation, and therefore that intervention should never be permitted. However, both state public policy and consumer protection policy may be accommodated within the intervention statute, again by balancing the original litigants' interests. After all, those protected by the legislation should hardly be excluded from the very action brought to vindicate their interests unless circumstances compel exclusion. We find none.

The alternative writ of mandate is discharged and the peremptory writ denied.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.