[No. B014495. Second Dist., Div. Five. Sept. 4, 1986.]

In re the Marriage of IRIS L. and LAWRENCE E. KERR.
IRIS L. KERR, Respondent, v.
LAWRENCE E. KERR, Respondent;
ROBERT M. EBINER, Appellant.

**COUNSEL**

Robert M. Ebiner, in pro. per., for Appellant.

No appearance for Respondents.

## OPINION

**FEINERMAN, P. J.**—This is an appeal by Attorney Robert M. Ebiner, in propria persona, from the denial of motions requesting leave to intervene in a dissolution action and for an order impressing a lien on the causes of action of the parties to the dissolution action.

### BACKGROUND

Appellant Robert M. Ebiner was the attorney for Iris L. Kerr, conservator of the person and estate of her husband, Lawrence E. Kerr, conservatee. On October 19, 1984, the superior court approved and settled the first and final conservatorship account of Iris L. Kerr and discharged her as conservator. She had been appointed conservator on January 13, 1984, and her resignation as conservator was accepted by the court on June 29, 1984. Gordon Treharne, Public Guardian of Los Angeles County, was appointed as the successor conservator of Lawrence E. Kerr.

The October 19, 1984, court order also approved payment of a balance of $3,030 in attorney fees to appellant and directed the successor conservator to pay said amount to appellant. The court order further provided that the sum of $3,030 "shall be a lien on conservatorship assets, including the herein described real property located at 202 West Center Street, Covina, California, until paid in full." Iris L. Kerr subsequently paid $350 to appellant on the account for attorney fees, leaving a balance due and owing in the amount of $2,680.

On the same date Iris L. Kerr resigned as conservator (June 29; 1984), she filed a petition for dissolution of her marriage. An amended petition was filed by her on September 27, 1984, and a response was filed by the public guardian on January 16, 1985. In both the petition and the response, the residence on West Center Street and other assets previously scheduled as conservatorship assets were listed as community assets. On February 25, 1985, appellant noticed a motion in the dissolution action for leave to intervene and for an order to impress a lien on the causes of action of the parties as they related to the real property on West Center Street in Covina and other specified community assets. The motions were denied without any statement of reasons being set forth in the minute order.

## Discussion

In his notice of motion and points and authorities filed in the trial court, appellant based his motion on the provisions of former Code of Civil Procedure section 688.1.[1] However, that section was no longer in effect at the time his motion was made. Sections 708.410-708.480 had superseded former section 688.1. It appears that both counsel and the court were unaware of the change in the law at the time this matter was heard.

Former section 688.1's requirement of a prior court hearing to authorize the creation of a lien is eliminated in the new law. Section 708.410, subdivision (b), provides for the creation of the lien by filing in the pending action or special proceeding a notice of lien and an abstract or certified copy of the judgment creditor's money judgment. This principle of protecting obligors without notice is comparable to the provisions in Civil Code sections 954.5 and 955.1 and Uniform Commercial Code section 9318 (15 Cal. Law Revision Com. Rep. (Oct. 1980) p. 2001). As the Assembly Legislative Committee comment to section 708.410 declares, a lien under article 5 (§§ 708.410-708.480) reaches the judgment debtor's right to money or property in the pending action or special proceeding as permitted by former section 688.1.

Section 708.430, subdivision (a), provides that "The court in which the action or special proceeding is pending may permit a judgment creditor who has obtained a lien under this article to intervene in the action or proceeding pursuant to Section 387." Section 708.470, subdivision (a), provides that upon motion of any party to the action, including the judgment creditor who has obtained a lien, the money or property to which the judgment debtor is entitled upon judgment in the pending action or special proceeding may be applied to the satisfaction of the judgment creditor's lien created under section 708.410.

■ Focusing on the case at bench, we find that appellant did not need a court hearing to create a lien. He merely had to comply with the provisions of section 708.410. We deem the noticed motion filed by appellant on February 25, 1985, which attached a certified copy of the probate court order dated October 19, 1984, settling the conservatorship account and ordering attorney fees and making said fees a lien upon conservatorship assets, to be substantial compliance with the requirements of section 708.410, subdivisions (b) and (c). Thus, appellant's lien has been created.

■ We further find that the trial court abused its discretion in denying the appellant the right to intervene in the dissolution action pursuant to

---

[1] All references are to the Code of Civil Procedure unless otherwise indicated.

section 708.430. It is true that the right of intervention is explicitly left by the language of the statute to the discretion of the trial judge, but this discretion must be exercised in conformity with the spirit of the law and in a manner to promote and not to impede substantial justice. (*Bailey* v. *Taaffe* (1866) 29 Cal. 422, 424; *Atiya* v. *Di Bartolo* (1976) 63 Cal.App.3d 121, 125-126 [133 Cal.Rptr. 611].) The cases construing former section 688.1 indicate that the section was "remedial in nature and should be liberally construed to give effect to the remedy which it authorizes." (*McClearen* v. *Superior Court* (1955) 45 Cal.2d 852, 856 [291 P.2d 449].) One of the prime purposes in enacting former section 688.1 was to protect judgment creditors against collusive actions by their debtors. (*Takehara* v. *H. C. Muddox Co.* (1972) 8 Cal.3d 168, 172 [104 Cal.Rptr. 345, 501 P.2d 913].)

A trial court has discretion to deny intervention, even when a direct interest is shown, if the interests of the original litigants outweigh the intervenor's concerns. (*People* v. *Superior Court (Good)* (1976) 17 Cal.3d 732, 736-737 [131 Cal.Rptr. 800, 552 P.2d 760].) For example, intervention will not be allowed when it would retard the principal suit, or require a reopening of the case for further evidence, or delay the trial of the action, or change the position of the original parties. (*Sanders* v. *Pacific Gas & Elec. Co.* (1975) 53 Cal.App.3d 661, 668-669 [126 Cal.Rptr. 415].) None of these factors exist in this case. Appellant is entitled to intervene and be heard to protect his financial interest. (*County of San Bernardino* v. *Harsh California Corp.* (1959) 52 Cal.2d 341, 346 [340 P.2d 617].)

For the guidance of counsel and the court, we also note that section 708.430, subdivision (b), now permits a judgment creditor who has *not* intervened to seek an order applying property to the satisfaction of the judgment creditor's judgment pursuant to section 708.470 (15 Cal. Law Revision Com. Rep., *op.cit. supra,* p. 2001). In most cases, this will be the optimal and least costly way to proceed.

The judgment is reversed and costs are awarded to the appellant.

Ashby, J., and Hastings, J., concurred.