Filed 9/28/16  Machado v. County of Los Angeles CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARIA S. MACHADO, as Trustee, etc., | B266569 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC542896) |
| v. | |
| COUNTY OF LOS ANGELES, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County. Elizabeth A. White, Judge.  Affirmed.

Law Office of Michael G. York and Michael G. York for Plaintiff and Appellant.

Nelson & Fulton, Henry Patrick Nelson and Rina Mathevosian for Defendant and Respondent.

Maria S. Machado, as trustee of the Maria S. Machado Trust dated June 3, 1988 (appellant) appeals from a judgment entered after the trial court granted summary judgment in favor of the County of Los Angeles (the County) on appellant's claims against the County for damages arising from the County's alleged failure to give notice of the sale of appellant's property.

The trial court found that the County gave notice of the sale in accordance with Code of Civil Procedure sections 701.540 and 701.580.[1] Thus, the County was not liable for damages under section 701.560. Appellant failed to raise a triable issue of material fact, and summary judgment in favor of the County was warranted.

We affirm the judgment.

## BACKGROUND

On December 19, 2011, judgment was entered against appellant in a case captioned *Anthony C. Curran, et al v. Maria S. Machado, et al.*, Los Angeles Superior Court case No. NC043834 (the prior action). The judgment ordered that the real property owned by Machado commonly known as 1637 and 1639 West 228th Street, Torrance, California (the property) be sold and that a writ of sale be issued to the Los Angeles County Sheriff's Department (LASD), ordering the sheriff to conduct the sale.

The LASD scheduled an execution sale for April 3, 2013, at 10:00 a.m. at the Stanley Mosk Courthouse, 111 N. Hill St., Room 125B, Los Angeles California 90012. On March 5, 2013, a notice of sale of property was served on appellant, the judgment debtor, by mail.

On March 7, 14, and 21, 2013, notice of the sale of property was published in the Daily Breeze, which is a newspaper of general circulation, printed and published in the City of Torrance.

On March 12, 2013, at approximately 11:30 a.m., Deputy Gary Davis posted notice of the sale of the property at 1637 and 1639 West 228th St., Torrance, California. The evidence indicated that no occupant was found.

---

[1] All further statutory references are to the Code of Civil Procedure.

2

On March 14, 2013, System Clerk III Francis Espinales posted notice of the sale of the property at the Stanley Mosk Courthouse, 111 N. Hill St., Room #125B, Los Angeles, California 90012.

On April 2, 2013, Anthony C. Curran and Lisa E. Curran (the Currans) and appellant entered into a stipulation to postpone the April 3, 2013 sale date to a date "on or after May 30, 2013." The stipulation was signed by the Currans' attorney as well as appellant's attorney. The LASD conducts sales of property every Wednesday at 10:00 a.m. On April 2, 2013, sale of the property was postponed to Wednesday, June 5, 2013. On April 3, 2013, at approximately 10:00 a.m., the LASD publicly declared that the sale of the property was postponed until June 5, 2013, at 10:00 a.m. The postponement was reflected on the sale sheet which was publicly read at the start of the sale day.

The Currans and appellant entered into a second stipulation to postpone the June 5, 2013 sale to a date "on or after July 9, 2013." On June 4, 2013, the LASD received the stipulation, and postponed the sale to July 10, 2013, at 10:00 a.m. On June 5, 2013, at approximately 10:00 a.m., the LASD publicly declared that the sale of the property was postponed to July 10, 2013, at 10:00 a.m.

The sale was conducted on July 10, 2013, at 10:00 a.m.

## PROCEDURAL HISTORY

Appellant filed her complaint against the County on April 17, 2014. Appellant's action against the County was based on section 701.560, which provides that "[a] levying officer who sells property without giving the required notice is liable to the judgment creditor and the judgment debtor for actual damages caused by failure to give notice." (§ 701.560, subd. (b).)

The County filed an answer on June 5, 2014.

On February 27, 2015, the County filed a motion for summary judgment. The County argued that appellant's claims were barred under the litigation privilege and that the County gave proper notice of the sale of the property.

On May 20, 2015, the trial court granted the County's motion for summary judgment. The court held that the undisputed facts showed that the sale occurred after the

County properly gave notice of the sale under section 701.580, and that appellant had failed to demonstrate a triable issue of material fact.

Judgment was entered in favor of the County on June 22, 2015. Notice of entry of judgment was served on June 30, 2015.

On August 31, 2015, appellant filed her notice of appeal.

## DISCUSSION

### I. Applicable law and standard of review

#### A. *Summary judgment review*

We review a grant of summary judgment de novo, deciding independently whether the facts not subject to triable dispute warrant judgment for the moving party as a matter of law. (*Nazir v. United Airlines, Inc.* (2009) 178 Cal.App.4th 243, 253 (*Nazir*).) The appellate court's task is to make "'an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court . . . .' [Citations.]" (*Brundage v. Hahn* (1997) 57 Cal.App.4th 228, 234-235.)

A defendant moving for summary judgment bears the burden of persuading the court that there is no triable issue of material fact and that the defendant is entitled to judgment as a matter of law. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850 (*Aguilar*).) To meet this burden, the defendant must show that one or more elements of the cause of action cannot be established, or that a complete defense to the cause of action exists. (*Ibid.*)

Once the defendant has met that burden, the burden shifts to the plaintiff to show that a triable issue of one or more material facts exists as to that cause of action or a defense thereto. (Code Civ. Proc., § 437c, subd. (p)(2).) An issue of fact is created only by a conflict of evidence, not by speculation, conjecture, conclusory assertions or mere possibilities. (*Yuzon v. Collins* (2004) 116 Cal.App.4th 149, 166.)

#### B. *The relevant statutes governing execution sales*

The execution sale of the property was conducted pursuant to the Code of Civil Procedure statutes governing enforcement of judgment.

4

Notice of execution sales is governed by section 701.540, which provides that "[n]otice of sale of an interest in real property shall be in writing, shall state the date, time, and place of sale, shall describe the interest to be sold, and shall give a legal description of the real property and its street address or common designation, if any." (§ 701.540, subd. (a).) Notice of the sale "shall be served, mailed, and posted by the levying officer" not less than 20 days before the date of sale. (§ 701.540, subd. (b).) Notice of the sale must be served on the judgment debtor, either personally or by mail. (§ 701.540, subd. (c).) Notice must also be posted in one public place in the city in which the interest in real property is to be sold, and at a conspicuous place on the real property. (§ 701.540, subd. (d)(1) & (d)(2).)

Pursuant to section 701.560, "[f]ailure to give notice of sale as required by this article does not invalidate the sale." (§ 701.560, subd. (a).) However, "[a] levying officer who sells property without giving the required notice is liable to the judgment creditor and judgment debtor for actual damages caused by the failure to give notice." (§ 701.560, subd. (b).)

Section 701.580 provides that:

> "The judgment debtor and judgment creditor together may request in writing that a sale be postponed to an agreed day and hour. The request shall be delivered to the levying officer conducting the sale, and the levying officer shall, by public declaration at the time and place originally fixed for the sale, postpone the sale to the day and hour fixed in the request. Notice of any additional postponements shall be given by public declaration by the levying officer at the time and place last appointed for the sale. No other notice of postponed sale need be given. . . ."

## II. The County has shown that it is entitled to judgment as a matter of law

In order to prevail on its summary judgment motion, the County was required to produce evidence showing that there are no triable issues of material fact and it is entitled to judgment as a matter of law. To this end, the County presented evidence that it gave the required notice of the sale. Liability is only possible under section 701.560, subdivision (b), if the levying officer sold the property without giving the required notice.

5

Thus, the County's evidence that it gave notice within the meaning of section 701.560, subdivision (b), is a complete defense to appellant's action. (*Aguilar, supra*, 25 Cal.4th at p. 850.)

The County presented evidence that on March 5, 2013, it served on the debtor written notice of the sale which would take place on April 3, 2013, at 10:00 a.m.. The notice complied with section 701.540, subdivisions (a), (b), and (c).

Notice of the sale was also posted in the Daily Breeze, at the property, and at the courthouse where the sale would take place. Thus, the County complied with sections 701.540, subdivisions (a), (b), (d), (f) and (g).

Upon receipt of a stipulation to postpone the sale of property to a date "on or after May 30, 2013," the LASD publicly declared, at the time and place originally fixed for the sale, that the sale was postponed to June 5, 2013 at 10:00 a.m. This notice was proper pursuant to section 701.580. No other notice was required. (§ 701.580.)

Upon receipt of a second stipulation to postpone the sale to a date "on or after July 9, 2013," the LASD publicly declared, at the time and place fixed for the sale, that the sale was postponed to July 10, 2013, at 10:00 a.m. This notice was proper pursuant to section 701.580. No other notice was required. (§ 701.580.)

The sale of the property was conducted on July 10, 2013, at 10:00 a.m., as provided in the most recent notice.

These undisputed facts show that the County was entitled to judgment as a matter of law. The levying officer gave the notice required under the law, thus no liability can attach under section 701.560, subd. (b).

III. **Appellant has failed to show a triable issue of material fact**

Because the County met its burden of showing a complete defense to appellant's action, the burden shifts to the appellant to show one or more triable issues of material fact. Appellant has failed to make this showing.

Appellant argues that the County failed to give her proper notice of the July 10, 2013 execution sale. The parties agree that the County did not provide written notice to appellant regarding the July 10, 2013 sale, and that notice was provided by public

6

declaration as set forth in section 701.580.  Appellant argues that public declaration did not comply with the law under the circumstances of this case for two reasons:  first, public declaration is only sufficient when the judgment creditor and judgment debtor stipulate to "an agreed day and hour," which did not happen here.  Second, the LASD was instructed to re-notice the sale, and did not do so.  As set forth below, the law does not support appellant's arguments that notice was faulty under the circumstances of this case.

### A.  *The County's actions were proper under section 701.580*

As set forth above, the parties may stipulate to postpone an execution sale "to an agreed date and hour."  (§ 701.580.) Appellants took advantage of this statute by stipulating to postpone the sale to a date "on or after July 9, 2013."  The stipulation specified, "the Sheriff is so directed to continue the sale."

Once the levying officer receives a stipulation postponing the sale, the officer "shall," by public declaration at the time and place originally fixed for the sale, postpone the sale to the day and hour fixed in the request.  (§701.580.)  Here, the County postponed the sale as the parties directed.  Because execution sales take place every Wednesday at 10:00 a.m., the County noticed the sale for the first Wednesday "on or after" July 9, 2013.  Appellant provides no law suggesting that the county's action was improper, and we decline to find that it was improper under the circumstances of this case.  Instead, we find that the County carried out the parties' instructions as precisely as it could.[2]

Appellant complains that she did not have notice of the specific day and hour of any sale so that she could appear and get notice of a postponed sale date.  This is contrary to the undisputed facts.  Appellant received proper written notice of the first sale date: April 3, 2013, at 10:00 a.m.  If she appeared on that date at the specified time, she would have received notice of the first postponed sale date.  Had she again appeared, she would

---

[2]     The doctrine of substantial compliance applies to the enforcement of judgments laws.  (*In re Marriage of Kerr* (1986) 185 Cal.App.3d 130, 133.)

have received notice of the second postponed sale date. This chain of events comports with the procedures set forth in the statute.

Further, because the statute permits parties to come up with a date certain for the execution sale, any uncertainty regarding the date of sale could have been avoided by the parties. Having elected not to specify a particular date, as permitted in the statute, appellant was obligated to show up at the time and date of the previously scheduled sale in order to receive notice. (§ 701.580.)

The County did not violate any notice provision, and is entitled to summary judgment on appellant's claims.

### B. The County properly re-noticed the sale

Appellant next argues that the County did not comply with instructions to re-notice the sale. Appellant cites section 687.010, which provides that "[t]he judgment creditor shall give the levying officer instructions in writing," and that "the levying officer shall act in accordance with the written instructions to the extent the actions are taken in conformance with the provisions of this title." (§ 687.010, subd. (a), (b).)

Appellant states that when the documents were provided to the LASD on June 4, 2013, to postpone the sale, they were provided with instructions. Those instructions instructed the LASD to "re-notice [the sale] for a date on or soon after July 9." Appellant argues that the LASD did not re-notice the sale, but instead proceeded with a postponement of the prior sale by public declaration.

We disagree. Having provided written notice of the initial sale, notice of any additional postponements was properly given by public declaration by the levying officer at the time and place last appointed for the sale. No other notice of the postponed sale was required. (§ 701.580.)

In a related argument, appellant argues that the trial court erred in stating that the cover letter to the LASD directing that the LASD "re-notice" the sale had no legal effect. Appellant argues that a court order permitting the LASD to continue the sale to a date after June 24, 2013, along with the stipulation filed by the parties and the cover letter instructing the sheriff's department to "re-notice" the sale must be read together.

8

Appellant contends that these documents permitted the sale to be held on any date after June 24, 2013, but required the sale to be re-noticed.

We disagree. The court's order did not contain a directive to the LASD to re-notice the sale. As the trial court noted, the court's order contemplated a continuance of the sale. The order states: "The Los Angeles County Sheriff may continue the sheriff's sale in this matter . . . currently set for June 5, 2013 to any date after June 24, 2013 subject to this Court's further orders." The stipulation between the parties also contemplated a continuance, stating "[t]he sale of real property scheduled for June 5, 2013 will be continued to a date on or after July 9, 2013 . . . ." The cover letter directed the sheriff's department to re-notice the sale, but because the action was a continuance of a previously scheduled sale, such notice was properly provided by public declaration in accordance with section 701.580.

Appellant has failed to show a triable issue of material fact. The County is entitled to summary judgment.[3]

## DISPOSITION

The judgment is affirmed. The County is awarded its costs of appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
CHAVEZ

We concur:

_____, Acting P. J.
ASHMANN-GERST

_____, J.
HOFFSTADT

---

[3]    Because we have determined that the County's actions did not violate the notice provisions of the Code of Civil Procedure, we do not address the parties' competing arguments regarding the applicability of the litigation privilege.