Filed 5/29/25  Young v. Collect Co. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| WILLIAM YOUNG et al.,<br><br>　　Plaintiffs and Appellants,<br><br>　　　　v.<br><br>COLLECT CO,<br><br>　　Defendant and Respondent. | G063409<br><br>(Super. Ct. No. 30-2022-01281968)<br><br>O P I N I O N |

Appeal from a judgment of the Superior Court of Orange County, Thomas S. McConville, Judge. Reversed and remanded. Requests for Judicial Notice. Denied.

William Young and Jennifer Young, in pro. per., for Plaintiffs and Appellants.

Rimôn Law and Daniel F. Lula for Defendant and Respondent.

After obtaining a judgment for attorney fees against plaintiffs William Young and Jennifer Young in the related case of *Young v. Byars* (the *Byars* action),[1] defendant Collect Co (Collect Co.) levied execution of that judgment on plaintiffs' causes of action and rights to recover money in this action—a tort action plaintiffs had filed against Collect Co., which was still pending (the Underlying Action). Then, asserting that it now owned the causes of action plaintiffs had asserted against it, Collect Co. moved to dismiss the Underlying Action on the ground plaintiffs no longer had standing to pursue the action. The trial court granted Collect Co.'s motion to dismiss the action with prejudice and entered judgment of dismissal.[2] We reverse and remand for further proceedings in the trial court.

STATEMENT OF FACTS AND PROCEDURAL HISTORY

I.

THE *BYARS* ACTION

A detailed factual summary of the *Byars* action is set forth in our recently-filed opinion. (*Young v. Byars* (Apr. 25, 2025, G063346, G063723) [nonpub. opn.].) We limit the facts set forth here to those relevant to this appeal.

Plaintiffs filed the *Byars* action on June 7, 2017, against two individuals who are not parties to this appeal, Brandon M. Byars and Jack McIntyre. On January 22, 2018, plaintiffs obtained a default judgment for $91,217 jointly against Byars and McIntyre.

---

[1] Orange County Superior Court case No. 30-2017-00924659.

[2] The judgment is in the form of a written order of dismissal signed by the trial court. (Code Civ. Proc., § 581d.)

On December 3, 2020, pursuant to a written agreement titled "Collect Co Client Agreement" (underscoring omitted), plaintiffs agreed to "irrevocably assign" to Collect Co., for collection purposes, all of their rights, title, and interest in five separate judgments, including the judgment they had obtained against Byars and McIntyre. Pursuant to that agreement, on December 7, 2020, plaintiffs executed before a licensed California notary public an "Acknowledgment of Assignment of Judgment" (the Assignment), in which they irrevocably granted and assigned to Collect Co. "all right, title, and interest in the [judgment]" against Byars and McIntyre. Collect Co. filed the Assignment in the *Byars* action on December 11, 2020.

Plaintiffs thereafter unsuccessfully attempted in the *Byars* action to vacate the Assignment. On February 1, 2023, the trial court issued a fee award in favor of Collect Co. and against plaintiffs in the amount of $47,816.06 (fee award). Collect Co. thereafter undertook to enforce the fee award as a judgment against plaintiffs, including by seeking (and obtaining) a writ of execution from the clerk of the Orange County Superior Court. Collect Co. then caused the Orange County Sheriff's Department to levy on and sell the Youngs' intangible personal property, including "[a]ll things in action Judgment Debtors may have against Account Debtors now or in the future, including but not limited to any past, present, and future causes of action and rights to recover money or other personal property in. . . : [¶] . . . [¶] b. [the Underlying Action]." Plaintiffs did not file a claim of

3

exemption or other documents in connection with the sale or move to set it aside.

## II.

## THE UNDERLYING ACTION

In a continuing effort to invalidate the Assignment, plaintiffs filed the Underlying Action against Collect Co. and other defendants on September 26, 2022. The next day, plaintiffs filed an amended complaint.[3] Plaintiffs alleged multiple causes of action against Collect Co., including fraudulent misrepresentation, negligent misrepresentation, fraudulent deceit, fraudulent concealment, conversion, unjust enrichment, breach of contract, breach of the implied covenant of good faith and fair dealing, extortion, and financial elder abuse.

On February 16, 2023, Collect Co. filed a notice of lien pursuant to Code of Civil Procedure section 708.410 et seq.,[4] based on the fee award it had obtained in the *Byars* action. On March 24, 2023, Collect Co. filed a "Notice of Sale and Assignment of Plaintiffs' Right, Title and Interest in this Action to Collect Co" stating that on March 23, 2023, the Orange County Sheriff had "irrevocably sold to Collect Co . . . all right, title, and interest that plaintiffs . . . had in the [case]" and that "Plaintiffs no longer have any right,

---

[3] Because the Underlying Action was related to the *Byars* action, it was assigned to the judge who had presided over the *Byars* action, but plaintiffs filed a peremptory challenge to that judge pursuant to Code of Civil Procedure section 170.6, and the Underlying Action was then reassigned to Judge McConville.

[4] All further statutory references are to the Code of Civil Procedure unless otherwise stated.

title, or interest in this action." Collect Co. did not cite any statutory or other legal authority supporting such a notice.

On August 21, 2023, Collect Co. moved to dismiss the action with prejudice, asserting that, because it now owned the claims asserted against it by plaintiffs, plaintiffs no longer had standing to sue on their claims. Plaintiffs opposed the motion. On October 26, 2023, the court granted the motion and ordered the case dismissed with prejudice. Plaintiffs filed their notice of appeal on December 4, 2023. The trial court signed a written order dismissing the action on January 3, 2024. We treat plaintiffs' notice of appeal as one prematurely filed from the January 3, 2024 signed order of dismissal.

DISCUSSION

I.

THE COURT ERRONEOUSLY DISMISSED PLAINTIFFS' CASE

The central issue before us is whether Collect Co. was legally permitted to levy execution on the *pending* tort claims against Collect Co. in the Underlying Action and then assume control of the litigation and dismiss the claims plaintiffs had asserted against it with prejudice. We conclude it was not and reverse the order granting the motion to dismiss and the resulting judgment.

""""Both standing and the interpretation of statutes are questions of law to which we typically apply a de novo standard of review."""" (*San Diegans for Open Government v. Fonseca* (2021) 64 Cal.App.5th 426, 436.)

The basis for Collect Co.'s motion to dismiss the Underlying Action was its assertion that it had lawfully levied execution on plaintiffs' pending claims. In its minute order granting the motion, the trial court found "[Collect Co.] has established that the instant action is property that it acquired through a Sheriff's sale" and cited section 695.030, subdivision

5

(b)(2). The court did not, however, decide whether Collect Co. was legally *permitted* to levy execution on plaintiffs' claims and then take control of the litigation pending against it. We conclude it was not.

Contrary to Collect Co.'s argument, a cause of action that is the subject of a pending action is *not* subject to *execution* of a money judgment. (§ 699.720, subd. (a)(3); *McKee v. National Union Fire Ins. Co.* (1993) 15 Cal.App.4th 282, 290.) Section 699.720 expressly exempts "[a] cause of action that is the subject of a pending action . . . ." (*Id.*, subd. (a)(3).)[5] Subdivision (b) of that section provides that "[n]othing in subdivision (a) affects or limits the right of the judgment creditor to apply property to the satisfaction of a money judgment pursuant to any applicable procedure *other than execution."* (§ 699.720, subd. (b), italics added.) The California Law Revision Commission comment to section 699.720 specifically identifies the lien procedures in section 708.410 as a proper means to enforce a money judgment in a pending

---

[5] Notably, Collect Co. failed to address section 699.720, subdivision (a)(3) in its appellate briefing, even though plaintiffs cited it multiple times in their opening brief. At oral argument, counsel for Collect Co. made the remarkable suggestion that, although Collect Co.'s purported execution on plaintiffs' pending causes of action was a violation of section 699.720, by "pulling up to 40,000 feet" and considering the totality of the facts, the court could conclude no "injustice was done." We understand this to refer to counsel's (and Collect Co.'s) view that the Youngs' causes of action against Collect Co.—the very causes of action Collect Co. purported to purchase in contravention of section 699.720—had no merit or were frivolous. It should go without saying that we do not administer justice by squinting at the relative equities from "40,000 feet" and gauging which of the parties has engaged in the most (or least) egregious misconduct. We administer it at ground level, based on a clear-eyed assessment of the facts and governing legal principles. Nor do we administer justice based on the principle that two wrongs make a right.

action or proceeding. (Cal. Law Revision Com. com., 16C West's Ann. Code Civ. Proc. (2022 ed.) foll. § 699.720, p. 226.)

Section 708.410, subdivision (a), authorizes a judgment creditor to obtain *a lien* on any cause of action for money and any judgment subsequently obtained in the action "to the extent required to satisfy the judgment creditor's money judgment," and it establishes the procedures for doing so. Section 708.470 contemplates the lien be paid out of a judgment, and section 708.480 provides that *a lien may be enforced only after a judgment in the underlying action is entered and has become final.* "These judgment lien statutes are subject to strict construction because they are purely the creation of the Legislature." (*Pangborn Plumbing Corp. v. Carruthers & Skiffington* (2002) 97 Cal.App.4th 1039, 1056.)[6]

The lien granted by section 708.410, subdivision (a) attaches only to the cause of action and any recovery arising therefrom. (*Id.*, subds. (a)(1), (a)(2).) Collect Co. was required to follow the lien procedures set forth in sections 708.410 through 708.480, which superseded former section 688.1. (*Roseburg Loggers, Inc. v. U.S. Plywood-Champion Papers, Inc.* (1975) 14 Cal.3d 742, 749, italics added [Former "[s]ection 688.1 provides the *exclusive* procedure by which a judgment creditor may satisfy a judgment against a cause of action"]; *In re Marriage of Kerr* (1986) 185 Cal.App.3d 130, 133 [sections 708.410 through 708.480 superseded former section 688.1].) Rather than doing so, Collect Co. circumvented the statutory lien procedures and caused the Sheriff's Department to sell plaintiffs' contingent claims that were

_____

[6] There is no doubt Collect Co. is well aware of the statutory lien procedures, not only because it is in the business of collecting on judgments, but because it actually filed a notice of lien on February 16, 2023, in the Underlying Action.

pending against it, which plainly were not subject to execution. (§ 699.720, subd. (a)(3).)[7]

Collect Co. argues that once the Sheriff's sale took place, the sale became "absolute" and could "not be set aside for any reason" (§ 701.680, subd. (a)) because plaintiffs did not timely sue within 90 days to set it aside pursuant to section 701.680, subdivision (c)(1). We find this argument unavailing. Plaintiffs' failure to timely challenge the sale does not necessarily end the inquiry. Equitable principles may apply here to invalidate Collect Co.'s actions. (See § 701.680, subd. (e) ["This section does not affect, limit, or eliminate a judgment debtor's equitable right of redemption"]; *Lang v. Roché* (2011) 201 Cal.App.4th 254, 261 ["'Equitable redemption is the right of a judgment debtor to redeem property that was sold at an execution sale for a "grossly inadequate price" where the purchaser is guilty of unfairness or has taken undue advantage'"].)[8]

---

[7] Collect Co.'s counsel advised the court at oral argument that Collect Co. purchased the Youngs' claims for one cent.

[8] Although we do not decide the issue, on the record before us, the equities arguably favor plaintiffs on this issue. Collect Co. executed on *pending* causes of action brought against it, not to satisfy the almost $48,000 attorney fee award it had obtained against plaintiff, but rather to assume control of the litigation and *dismiss all of plaintiffs' claims.* Indeed, former "section 688.1 was adopted to prohibit a judgment creditor from levying execution upon his debtor's cause of action or judgment" because "[e]xperience has shown that substantially less than fair value was frequently realized upon such sales." (*Nicoletti v. Lizzoli* (1981) 124 Cal.App.3d 361, 366.) "[T]he purpose of section 688.1 is to allow a judgment creditor to seek recovery of his claim from the proceeds of a judgment without permitting him to levy and sell the cause of action itself, a procedure which was deemed unfair to judgment debtors but which was authorized by statute prior to the enactment of section 688.1." (*Cetenko v. United California Bank* (1982) 30 Cal.3d 528, 533, fn. 7.)

In addition, Collect Co. cites no law that would make it mandatory for the trial court handling the pending claims to dismiss the case upon proof of the sale without evaluating whether Collect Co. had legally levied execution on the claims, or whether plaintiffs had some equitable right to challenge Collect Co.'s actions. It is far from clear to us that a pretrial motion to dismiss was a proper procedural vehicle for Collect Co. to prove it had purchased the right to control the litigation and divest plaintiffs of standing. This was not a case in which plaintiffs lacked standing from the outset and that fact was apparent on the face of the complaint, or otherwise judicially noticeable. Although it is true a plaintiff's standing may be raised at any time in a proceeding (see *Common Cause v. Board of Supervisors* (1989) 49 Cal.3d 432, 438), Collect Co. cites no legal authority for bringing an evidentiary motion in the form of a motion to dismiss under the circumstances here, where plaintiffs had standing to bring their claims when the case was initiated and Collect Co., a defendant in the action, thereafter contended it had lawfully acquired the right to assume control over the litigation and force a dismissal of the complaint. None of the cases cited in Collect Co.'s motion involved a motion to dismiss. (*Common Cause v. Board of Supervisors, supra*, 49 Cal.3d at pp. 436–438 [standing evaluated in the context of a motion for preliminary injunction with respect to whether plaintiffs could prevail on the merits of their claims]; See *Carsten v. Psychology Examining Com.* (1980) 27 Cal.3d 793, 795–796 [standing asserted as basis for demurrer]; *Blumhorst v. Jewish Family Services of Los Angeles* (2005) 126 Cal.App.4th 993, 997–998 [demurrer]; *Hudis v. Crawford* (2005) 125 Cal.App.4th 1586, 1589 [demurrer].) Further, although it styled its request as a motion to dismiss, Collect Co. actually sought a dispositive ruling in its favor prior to trial based on evidence it submitted in support of

9

the motion. Yet it did not attempt to comply with the statutory procedures applicable to summary judgment motions, which would have afforded plaintiffs all the procedural protections required for such motions.

## II.

### THE REQUESTS FOR JUDICIAL NOTICE

Collect Co. filed a motion to augment the record with nine exhibits. We granted the motion in part as to the first three exhibits, and denied the motion to augment as to exhibits 4 through 9 because they were part of the record in the *Byars* action, not the Underlying Action. We deferred ruling on whether to take judicial notice of these exhibits. We decline to take judicial notice of these exhibits from the *Byars* action because they are unnecessary to the determination of the issues in this appeal. (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 279, fn. 9.) The only document relevant to the issues before us is the trial court's minute order in the *Byars* action awarding the attorney fees to Collect Co. which became a judgment in favor of Collect Co. against plaintiffs. That order is already part of the record on appeal.

Plaintiffs also filed a request for judicial notice of various documents, including the original judgment in the *Byars* action and documents relating to Collect Co.'s efforts to collect on its fee award/judgment against plaintiffs. We deny the request as unnecessary to the issues on appeal. In addition, we note that some of the documents plaintiffs ask us to judicially notice are already part of the record on appeal.

## III.

### PLAINTIFFS ARE ADMONISHED REGARDING PERSONAL ATTACKS ON THE TRIAL JUDGE IN THE *BYARS* ACTION

Plaintiffs have made repeated personal attacks on the trial judge assigned to the *Byars* action in their appellate briefing and in their motion to transfer the appeal of this case to a different appellate district. Among other things, plaintiffs accuse the trial court of "fabricating statements," "fabrication of evidence," making "false statements," "collu[ding] with the perpetrators [i.e., Collect Co.]," and engaging in conduct that "is subject to criminal charges."

These unsupported attacks are inexcusable. It is one thing to assert a trial court has made an error. That is permissible and, indeed, is the very purpose of pursuing an appeal: to correct error below. It is quite another matter to level serious, unsupported accusations attacking the integrity of the trial court. That is entirely beyond the pale and is likely to result in monetary or other sanctions if repeated. Accusations of judicial wrongdoing "are serious, and we treat them as such." (*People ex rel. Harris v. Sarpas* (2014) 225 Cal.App.4th 1539, 1557.) "Impugning the integrity of the trial judge without facts is rarely a good idea (citation), and serious accusations against a trial judge . . . had better be supported by concrete evidence." (*Cornerstone Realty Advisors, LLC v. Summit Healthcare REIT, Inc.* (2020) 56 Cal.App.5th 771, 793.) Plaintiffs have provided no evidence to support their accusations against the trial judge. We admonish plaintiffs in the strongest possible terms not to engage in such behavior in any future filings. (*Fink v. Shemtov* (2010) 180 Cal.App.4th 1160, 1176.)

11

## DISPOSITION

The judgment of dismissal is reversed, and the case is remanded for further proceedings in the trial court. The parties' requests for judicial notice are denied. Appellants shall recover their costs on appeal.

GOODING, J.

WE CONCUR:

MOORE, ACTING P. J.

MOTOIKE, J.