R. F. VAN NORDEN, Respondent, v. G. W. BUCKLEY, and others, Appellants.

Where payment by the maker to the indorser is relied upon as an excuse for want of demand and notice, it must be payment directly and specifically for the note, and not as security for all transactions in the aggregate.

Where the maker did not specify that the payment to the indorser was to meet the indorsed note, the indorser had a right to apply it to any indebtedness he held against the maker, and to stand upon his strict legal rights, as to demand and notice in regard to the indorsed note.

APPEAL from the District Court of the Ninth Judicial District, Butte County.

The facts of the case are contained in the special verdict of the jury, which appears in the opinion of the Court. The Court below gave judgment upon the verdict for the plaintiff. Defendants appealed.

*R. S. Mesick,* for Appellants.

Cited Story on Promissory Notes, §§ 271, 272, 289, 292. Prac. Act, § 175. Creamer *v.* Perry, 17 Pick., 334.

*Jos. E. N. Lewis,* for Respondent.

Cited, Lovell *v.* Evertson, 11 Johns., 57. Nelson *v.* Dubois, 13 Ib., 175. Hunt *v.* Adams, 5 Mass., 338. 3 Ib., 274. Sumner *v,*

Gray, 4 Pick., 312.    Story on Bills, 316.    Story on Prom. Notes, 333—335, 457.    3 Kent's Com., 114.    Mead *v.* Small, 2 Greenl., 207. Bank *v.* Griswold, 7 Wend., 165.    13 Barb., 163.    Bond *v.* Farnham, 5 Mass., 170.    5 Pick, 436.

HEYDENFELDT, J., delivered the opinion of the Court.    MURRAY, C. J., concurred.

Suit against makers and endorsers of a note.    The endorsers rely upon want of demand and notice.    This defense is replied to with the assertion that the maker placed in the endorsers' hands property which they sold and turned into money.

The facts, as found by the special verdict of the jury, are—

1.    That the maker was indebted to the endorsers in various sums, and the latter were also their accommodation endorsers on this note.

2.    The maker turned over property to the endorsers as general security, without any direction as to the application of the proceeds.

3.    The property was insufficient in value to pay the debts including this note.

4.    There was no demand upon the maker, and no notice of non-payment to the endorsers.

Where payment by the maker to the endorser is relied upon as an excuse for want of demand and notice, it must be a payment directly and specifically for the note, and not as security for all transactions in the aggregate.    The makers, in this case, did not specify that the payment to the endorsers was to meet this particular note, and it therefore results that the endorsers had a right to apply the fund to any indebtedness they held against the maker, and further, to stand upon their strict legal rights as to demand and notice in regard to the note in suit.

It follows from this view, that the judgment is erroneous, and must be reversed.