[No. 5862.]

## LOREN COBURN, Plaintiff, *v.* JAMES SMART et al., Defendants, and GEO. HEARST et al., Intervenors.

Right of Sureties to Intervene.—The sureties of a defendant, in an action of replevin, upon an undertaking given to effect a return of the property in controversy to the defendant pending the action, have an interest in the action which entitles them to intervene if the defendant is insolvent, and the action is not being defended in good faith.

Same—When to be Exercised.—The right to intervene may be exercised at any time before the trial of the action is commenced—if the complaint in intervention tender only such an issue as is already joined by the answer of the defendant on file.

Same—Right to Appeal.—Sureties, whose application to intervene in such a case has been denied, may prosecute an appeal to this Court.

APPEAL from the District Court of the Twelfth Judicial District, County of San Mateo.

The facts are stated in the opinion.

*Craig & Meredith,* Attorneys for Appellant.

*J. J. Williams* and *G. W. Fox*, Attorneys for Respondent.

By the Court, WALLACE, C. J.:

The plaintiff, Coburn, brought this action in replevin against Smart, the defendant, for the recovery of a large quantity of lumber, and at the time of the issuance of the summons he delivered to the Sheriff an affidavit, notice, and undertaking, as provided by secs. 510, 511, and 512 of the Code of Civil Procedure, in proceedings by a plaintiff for claim and delivery of personal property. Thereupon, the Sheriff took the lumber from the possession of Smart, and the latter, for the purpose of procuring its return to him pending the action, delivered to the Sheriff a written undertaking, executed by the intervenors Hearst and Pearson, as sureties thereon, to the effect that they were bound in double the value of the property in controversy for the delivery of the lumber by the defendant to the plaintiff, if such delivery should be subsequently adjudged, and for the payment to the plaintiff of such sum as might, for any cause, be recovered against the defendant Smart, as provided by sec. 514 of the same Code. The defendant filed an answer denying the allegations of the complaint, and the cause was set down for trial on the 5th day of June, 1877, on which day, and before the calling of the cause on the calendar, Hearst and Pearson appeared and presented to the Court their complaint in intervention, and asked leave to file the same, which was refused by the Court. The trial of the cause was then proceeded with, and resulted in an alternative judgment in the usual form in favor of the plaintiff, and against the defendant Smart, for the return of the lumber in controversy, or its value if return could not be had. From this judgment, and from the order refusing their proposed intervention, Hearst and Pearson bring this appeal. In their complaint in intervention offered in the Court below, Hearst and Pearson set forth the proceedings in the action by which they became the sureties of Smart, and alleged that the latter is insolvent, and unable to pay any judgment which the plaintiff might obtain against him, and that Smart was actually in collusion with the plaintiff Coburn in the conduct of the

action, and was not making a *bona fide* defense therein, but pro-
posed and intended to suffer a judgment to be entered against
him, and in favor of Coburn, as prayed for in the complaint;
and also, that the proposed intervenors had, since the com-
mencement of the action, purchased from the defendant Smart
about eighteen thousand feet of the lumber in controversy in
the action, and were then in the possession of the same.

1. The interest of Hearst and Pearson in the success of the
defendant is apparent, for by the judgment, if any, to be ren-
dered against Smart, they would not only be concluded as to
their title to the eighteen thousand feet of lumber purchased by
them of Smart *pendente lite,* (*Brooks* v. *Hager,* 5 Cal. 283) but
their liability upon the undertaking given by them in behalf of
Smart would become fixed.

2. Nor do we think that the intervention should have been
denied because the application to intervene was not made at an
earlier stage of the controversy. The statute permits the inter-
vention to be made at any time before the trial. "Any person
may, before the trial, intervene in an action or proceeding who
has an interest in the matter in litigation," etc. (Code of Civil
Procedure, sec. 387.) Besides, no objection was made below
on the ground that the application was too late; the only ob-
jection was, that the intervenors "did not show any right to
intervéne." The intervention in this case, though made at the
last moment of time permitted by the statute, need not have
delayed the cause. It presented, in reality, no new matter
which would have required further preparation on the part of
the plaintiff Coburn. The only portion of the complaint in in-
tervention which concerned him was its general denial of the
title of the plaintiff to the lumber in controversy, and this was
but a repetition of the general denial in the answer of Smart,
already on file, and which the plaintiff was bound to meet and
overcome, if the pending controversy between himself and
Smart was real and not collusive. We are of opinion that the
Court below erred in refusing to permit the proposed interven-
tion.

3. It is claimed, however, by the respondent, that notwith-
standing the error of the Court below in the disposition of this

cause, the intervenors cannot, under the Code of Civil Proced-
ure, become appellants in this cause. The intervenors have
appealed from the judgment rendered in form against Smart in
favor of the plaintiff, and also from the order and judgment
denying and refusing their application to intervene in the cause.
"Any *party aggrieved* may appeal," etc., (Code of Civil Pro-
cedure, sec. 938) "from a final judgment," etc., (Ibid. sec. 939.)
That these appellants are "aggrieved" by the judgment ren-
dered against Smart has been seen already, and by "final judg-
ment," for they are concluded by the judgment against Smart,
not only as to the personal property bought by them of him
*pendente lite*, but as to their liability as sureties upon the under-
taking given in his behalf. That they are "parties" to the
action is equally clear. Their motion to be permitted to inter-
vene, its refusal, and their exception, have made them parties to
the record in the technical sense, entitled as such to prosecute
an appeal. (*People* v. *Grant*, 45 Cal. 97.)

The respondent has, since the argument, placed on file his
consent that the judgment given below be modified here by ex-
cepting therefrom the lumber purchased of Smart by the ap-
pellants ; but it is obvious that this would not relieve the latter,
as the sureties of Smart, for the return of the remainder of the
property recovered in this action.

Judgment against Smart, and judgment and order denying
the appellants leave to intervene, reversed, and cause remanded
for further proceedings.

Mr. Justice RHODES dissented, and Mr. Justice CROCKETT
expressed no opinion.