[Civ. No. 39587. Second Dist., Div. One. Aug. 30, 1972.]

CONTINENTAL VINYL PRODUCTS CORPORATION,
Plaintiff and Respondent, v.
MEAD CORPORATION et al., Defendants and Respondents;
ROBERT VENER, Movant and Appellant.

[Civ. No. 39588. Second Dist., Div. One. Aug. 30, 1972.]

CURTIS B. DANNING, as Trustee, etc., Plaintiff and Respondent, v.
BARTON POHL, JR., CORP., et al., Defendants and Respondents;
ROBERT VENER, Movant and Appellant.

## COUNSEL

Meyer Berkowitz for Movant and Appellant.

Gendel, Raskoff, Shapiro & Quittner and Richard S. Berger for Plaintiffs and Respondents.

No appearance for Defendants and Respondents in No. 39587.

Jones & Wilson and James T. Hudson for Defendants and Respondents in No. 39588.

## OPINION

**THOMPSON, J.**—This is an appeal from denials of motions for leave to file a complaint in intervention in each of the subject actions. We affirm the orders of the trial court.

Appellant, Robert Vener, is the owner of 90 percent of the issued and

outstanding shares of Continental Vinyl Products Corporation. Continental's principal business was the manufacture and sale of a laminated vinyl coated plywood. In its fiscal year ending May 31, 1969, the corporation had gross sales of $3,638,000 and a net profit before taxes of $275,274. During the fiscal year 1969-1970, products delivered by Continental delaminated. Its customers refused to pay for the defective product and sued the corporation for damages. On January 27, 1970, Continental filed an action joining counts against Mead Corporation and National Starch and Chemical Corporation, its suppliers, with a count against Glen Falls Insurance Company, seeking a declaration of rights under a products liability policy of insurance.

Two weeks after the complaint was filed, February 10, 1969, Continental filed a petition for an arrangement under Chapter XI of the Bankruptcy Act. Respondent Danning was appointed receiver. On November 6, 1970, Continental was adjudicated a bankrupt and Danning was appointed trustee in bankruptcy. Control over the litigation in the lawsuit filed by Continental passed to Danning.[1] He determined that the declaratory relief action against Glen Falls could be better tried in a separate proceeding. Accordingly, Danning filed a dismissal without prejudice of the action against Glen Falls and filed a new complaint on December 10, 1970, naming himself as plaintiff in his representative capacity.

On June 25, 1971, appellant Vener filed his motions for leave to file a complaint in intervention in each of the two pending actions. The complaint in intervention alleges the historical facts with respect to the corporation and the litigation against its suppliers and insurance carrier. It alleges the following also: The acts of Mead, National Starch, and Glen Falls resulted in the insolvency of Continental and, as a consequence, Vener suffered individual and personal damages of a large amount because of the reduction of value of his 90 percent stock interest in Continental. The trustee in bankruptcy represents the bankrupt estate protecting the interest of the creditors and not of Vener. The proper prosecution of the pending litigation should result in a recovery sufficient to restore Continental to its previous prosperity. Appellant Vener's rights are the only ones that will be affected by prosecution of the litigation in a fashion to recover an amount in excess of that necessary to make the creditors of Continental whole. The

---

[1]Respondent Danning, in his brief, contends that shortly after his appointment as receiver he asked Mr. Berkowitz, then counsel of record in the original litigation, if Berkowitz would care to continue as counsel. Berkowitz refused on the ground that he did not want to wait until the end of the litigation to receive his fee. Therefore, it is the respondent's own fault that he is not represented by counsel of his choice. This information does not appear anywhere in the record at bench and for that reason we do not consider it.

complaint in intervention does not allege improper conduct or self-dealing by the trustee in bankruptcy or any threat that he will not diligently prosecute the two pending cases. Neither does it allege that Vener represents all of the shareholders of Continental or that his interest is in any respect different from that of its other shareholders, except in amount.

In his declaration supporting his motion for leave to intervene, Vener states the following: "Subtle conflicts of interest" exist between the trustee in bankruptcy and Vener because the trustee discontinued Vener's salary as president of Continental, Vener resigned as president of the corporation, the trustee selected his own counsel to prosecute the litigation substituting them for Vener's lawyer, all dealings between the trustee and Vener have been at arm's length, and the trustee has never represented individually either Vener or Continental. The conflict is "obvious" no matter how "well meaning and well motivated" the trustee is to act on behalf of the bankrupt estate and cannot be avoided. The trustee, in two instances, acted in the interest of the corporation and bankrupt estate and contrary to Vener's claims against them. On one occasion, the trustee negotiated a cancellation of receiver's certificates issued to Vener, requiring him to accept property in exchange. The trustee refused to accept a proposal by Vener to purchase machinery and equipment owned by Continental unless Vener posted an indemnity bond to protect against diminution of the bankruptcy estate if the transaction were consummated. The declaration does not allege bad faith or improper conduct of the trustee in bankruptcy.

The trial court denied the motions for leave to intervene. Appellant contends it erred in so doing. We conclude that the rulings of the trial court must be sustained.

Code of Civil Procedure section 387 provides: "At any time before trial, any person, who has an interest in the matter in litigation, or in the success of either of the parties, or an interest against both, may intervene in the action or proceeding." Not every interest in the outcome of litigation gives to its possessor the right to intervene in the lawsuit. "The interest . . . must be direct and not consequential, and it must be an interest which is proper to be determined in the action in which the intervention is sought." (*Isaacs* v. *Jones,* 121 Cal. 257, 261 [53 P. 793].)

A person has a direct interest justifying intervention in litigation where the judgment in the action of itself adds to or detracts from his legal rights without reference to rights and duties not involved in the litigation. (*Olson* v. *Hopkins,* 269 Cal.App.2d 638, 643 [75 Cal.Rptr. 33].) Thus, an attaching creditor may intervene in an action testing conflicting claims to property under attachment. (*Berghauser* v. *Golden State*

*Orchards,* 208 Cal. 550 [282 P. 950]; *Kimball* v. *Richardson-Kimball Co.,* 111 Cal. 386 [43 P. 1111].) ▮ An heir may intervene in a will contest. (*Voyce* v. *Superior Court,* 20 Cal.2d 479 [127 P.2d 536].) ▮ A shareholder of a corporation whose shares are not of record because the corporate directors refuse to register them may intervene in an action to dissolve the company. (*Rosner* v. *Benedict Heights, Inc.,* 219 Cal.App.2d 1 [32 Cal.Rptr. 764]; Corp. Code, § 4653.) ▮ The assignee of a fractional interest in property or the holder of a contract to purchase it may intervene in an action involving title to the property. (*Dabney* v. *Philleo,* 38 Cal.2d 60 [237 P.2d 648]; *Bogue* v. *Roeth,* 98 Cal.App. 257 [276 P. 1071].) ▮ Taxpayers of a muncipality, parties in a separate action to declare an election void in which they were granted an order restraining the municipality from proceeding under the authority granted by the election, may intervene in an action brought by the municipality against the California Secretary of State to declare the election valid. (*Wright* v. *Jordan,* 192 Cal. 704 [221 P. 915].) ▮ The holder of a personal injury judgment may intervene in an action by the judgment debtor's insurer to rescind an insurance policy providing liability coverage of the judgment. (*Belt Casualty Co.* v. *Furman,* 218 Cal. 359 [23 P.2d 293].) ▮ The surety on a redelivery bond in a claim and delivery action has a direct interest justifying intervention where the personal property has been destroyed so that a judgment for the plaintiff will directly reach the bond. (*Drinkhouse* v. *Van Ness,* 202 Cal. 359 [260 P. 869].)

▮ An interest is consequential and thus insufficient for intervention when the action in which intervention is sought does not directly affect it although the results of the action may indirectly benefit or harm its owner. Thus an unsecured creditor of a defendant who will be rendered unable to pay the debt if he loses a lawsuit is held to have only a consequential interest not justifying intervention in the litigation. (*Horn* v. *Volcano Water Co.,* 13 Cal. 62; *Olson* v. *Hopkins, supra,* 269 Cal.App.2d 638.) Intervention has been denied to the wife of a defendant claiming a potential threat to her community interest in the marital property if the defendant loses and execution is levied upon the assets. (*Bechtel* v. *Axelrod,* 20 Cal.2d 390 [125 P.2d 836].) ▮ The principal municipal customer of a water company suing others for a declaration of its water rights has only a consequential interest not justifying intervention. (*Allen* v. *California Water & Tel. Co.,* 31 Cal.2d 104 [187 P.2d 393].) A contingent beneficiary of a trust seeking to intervene in a divorce action between other persons in order to establish the illegitimacy of a prior beneficiary to prevent his taking under the trust and thus to establish the right of the attempting intervener to take, was not permitted to do so because his interest in the divorce was consequential and not direct. (*Bernheimer* v. *Bernheimer,* 87 Cal.App.2d 242 [196 P.2d 813].)

■ An insurer which refused to defend except upon a reservation of rights has only a consequential interest not justifying intervention in an action against its insured. (*Corridan* v. *Rose,* 137 Cal.App.2d 524 [290 P.2d 939].) A potential but not then actual subrogee also has such a consequential interest. (*Hausmann* v. *Farmers Ins. Exchange,* 213 Cal.App.2d 611 [29 Cal.Rptr. 75].) The interest of a lawyer seeking to protect his right to fees payable out of the litigation is a consequential one. (*Meadow* v. *Superior Court,* 59 Cal.2d 610 [30 Cal.Rptr. 824, 381 P.2d 648].) ■ An owner of land adjoining a parcel subject to an eminent domain proceeding who claims that her property will be depreciated by the work of improvement has only a consequential interest not justifying intervention in the proceeding. (*Alhambra* v. *Jacob Bean Realty Co.,* 138 Cal.App. 251 [31 P.2d 1052].) ■ Similarly, an owner of property adjoining a parcel, the subject of a quiet title action to determine oil and gas rights, does not have a direct interest permitting intervention in the action. (*People* v. *City of Long Beach,* 183 Cal.App.2d 271 [6 Cal.Rptr. 658].) ■ A county seeking to acquire a right of way for public streets has only a consequential interest not justifying intervention in a quiet title action to determine ownership of abandoned railroad rights of way in which private parties and a city are claimants. (*Faus* v. *Pacific Elec. Ry. Co.,* 134 Cal.App.2d 352 [285 P.2d 1017].) One attempting to set aside a joint tenancy deed does not have a direct interest in an action to declare the fact of death of one of the joint tenants. (*LePleux (Py)* v. *Applegate,* 164 Cal.App.2d 9 [330 P.2d 65].) The proposition that the outcome of litigation will have a precedential effect upon persons similarly situated does not give them a direct interest in its outcome. (*Jersey Maid Milk Products Co.* v. *Brock,* 13 Cal.2d 661 [91 P.2d 599].)

■ What would otherwise be a consequential interest not justifying intervention may become a direct interest permitting it when bad faith of a party to the litigation, the assertion by all parties to the litigation of claims adverse to the party seeking to intervene, collusion, impossibility of asserting a position that should be presented in the litigation, or similar circumstances render strict definition of direct interest likely to result in injustice. Thus, the United States was permitted to intervene in an action involving the imposition of local taxes where otherwise it would have been impossible for anyone to assert the fiscal policy of the federal government involved in a federal statute at the heart of the litigation. (*County of San Bernardino* v. *Harsh California Corp.,* 52 Cal.2d 341, 346 [340 P.2d 617].) ■ The interest of shareholders justifies intervention in an action against a corporation if its officers and directors fail to exercise

good faith in defending an action against it. (*Shively* v. *Eureka etc. Mining Co.*, 129 Cal. 293 [61 P. 939].) ■ A limited partner can intervene in a suit against his partnership where the general partner refuses to defend in good faith. (*Linder* v. *Vogue Investments, Inc.*, 239 Cal.App.2d 338 [48 Cal.Rptr. 633].) ■ The state may intervene in an action to dissolve a corporation to protect the interest of shareholders not available to assert their interests where those interests may escheat. (*In re Mercantile Guaranty Co.*, 238 Cal.App.2d 426 [48 Cal.Rptr. 589, 19 A.L.R.3d 1267].) ■ The equitable-beneficial owner of property may intervene in an action in which the trustee-legal owner refuses to defend his title or claims adversely to the beneficiary. (*Coffey* v. *Greenfield*, 55 Cal. 382; *Elms* v. *Elms*, 4 Cal.2d 681 [52 P.2d 223, 102 A.L.R. 811].) ■ A surety on a bond guaranteeing a party's performance may intervene where the party has abandoned the defense of a lawsuit or does not intend to pursue the defense in good faith. (*Johnson* v. *Hayes Cal Builders, Inc.*, 60 Cal.2d 572 [35 Cal.Rptr. 618, 387 P.2d 394]; *Coburn* v. *Smart*, 53 Cal. 742.)

Determination that an interest is direct and not consequential does not of itself establish the right to intervene. The interest must be one "which is proper to be determined in the action in which the intervention is sought." (*Isaacs* v. *Jones, supra*, 121 Cal. 257, 261.) ■ The court ruling upon the motion to intervene must balance the desirability of intervention to protect a direct interest against the normal right of the original parties to the litigation to "conduct their lawsuit on their own terms" and the potential of unduly extending the litigation. (*County of San Bernardino* v. *Harsh California Corp., supra*, 52 Cal.2d 341, 346.) The trial court is vested with discretion in drawing that balance and its determination cannot be reversed on appeal unless it is arbitrary in the sense that it is not supported by any substantial basis. (*In re Yokohama Specie Bank*, 86 Cal.App.2d 545, 554 [195 P.2d 555].) Thus where owners of land within an irrigation district whose property would be burdened with taxes to finance a bonded indebtedness of the district sought intervention in an action to validate the bonds, the denial of the right to intervene by the trial court was sustained upon the basis that intervention would have introduced unnecessary collateral matter into the lawsuit. (*La Mesa etc. Irr. Dist.* v. *Halley*, 195 Cal. 739 [235 P. 999].) ■ An insurer which has paid a collision claim and become subrogated to the rights of its insured may be denied the right to intervene to assert its rights in an action prosecuted by the insured if the trial court concludes that permitting intervention would prejudice the conduct of the litigation by interjecting the issue of insurance. (*Corridan* v. *Rose, supra*, 137 Cal.App.2d 524.)

Appellant's complaints in intervention and declarations in support of his applications to intervene do not establish his right to do so. The essence of his position is that success of the plaintiffs in the two lawsuits will add to the value of his Continental stock. Absent some special circumstance, a shareholder has a consequential but not direct interest in the outcome of litigation involving the corporation. (*Difani* v. *Riverside County Oil Co.*, 201 Cal. 210 [256 P. 210].)

The complaints in intervention and declarations filed by appellant fail to allege special circumstances which will convert what is otherwise a consequential interest into a direct one. The litigation in question is being conducted by a trustee in bankruptcy who, while acting in the interest of the creditors of Continental, cannot disregard the interest of the corporation in its rights against debtors. (*In re Lenters* (E.D.Pa. 1915) 225 F. 878.) There is no allegation of bad faith on the part of the trustee or implication that he intends to abandon prosecution of the litigation to the fullest extent possible. (See *Eggers* v. *National Radio Co.*, 208 Cal. 308 [281 P. 58].) The conclusion that the trustee is acting with a conflict of interest is not supported by factual allegation or statement, and appellant's declarations establish that in fact the conclusion is unfounded. Should the trustee elect to settle the litigation in a manner which appellant deems inappropriate to the protection of his interest, he will have the opportunity to object to the settlement and assert his position in the federal court proceeding for approval of compromise of the lawsuits. (11 U.S.C.A. § 50; *Estate of Aldrich*, 35 Cal.2d 20, 25 [215 P.2d 724, 19 A.L.R.2d 885].)

The closest that appellant comes to asserting a direct interest in the litigation is the vague claim that in an undefined manner the trustee is acting in a fashion which directly decreases the value of his shares. The trial court, in its discretion, properly determined that the collateral issues that would be raised by such a claim, including such matter as whether the contention was the proper subject of only a representative action, outweighed any potential benefit of intervention flowing from the ill-stated contention.

We thus conclude that appellant has failed to establish either such an interest in the litigation as entitles him to intervene or that the trial court abused its discretion in denying him that right.

The judgments (orders) are affirmed.

Lillie, Acting P. J., and Clark, J., concurred.

The petition of movant and appellant for a hearing by the Supreme Court was denied October 25, 1972.